FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 27, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARA ANN W., | |
| Plaintiff, | No. 2:17-CV-00277-RHW |
| v. | **ORDER GRANTING** |
| COMMISSIONER OF SOCIAL SECURITY, | **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| Defendant. | |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 13 & 17. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C § 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

# I.    Jurisdiction

Plaintiff filed her application for Supplemental Security Income on October 28, 2013. AR 237-46. Her alleged onset date of disability is March 1, 2010. AR 37, 237. However, Plaintiff concedes that the relevant issue is whether she has been disabled since her application date of October 28, 2013, because there is a previous administratively final decision finding her not disabled prior to that time. ECF No. 13 at 2; AR 37-38. Plaintiff's application was initially denied on February 7, 2014, AR 178-81, and on reconsideration on July 22, 2014, AR 185-86.

A hearing with Administrative Law Judge ("ALJ") Cheri L. Filion occurred on September 23, 2015. AR 61-114. On January 8, 2016, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 37-55. The Appeals Council denied Plaintiff's request for review on June 29, 2017, AR 1-4, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on August 11, 2017. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

# II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or he is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months,

and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this

burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.   Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV.   Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 30 years old at the date the application was filed. AR 54, 72-73, 237. She has a high school education and one year of college and she is able to communicate in English. AR 54, 72-73. Plaintiff has past work as a cashier checker, hobby and craft sales representative, telephone solicitor, cleaner/housekeeper, ticket salesperson, circus laborer, and cashier II. AR

53-54, 261, 277. Plaintiff has a history of polysubstance abuse in remission. AR 40, 41.

## V.    The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from October 28, 2013, through the date of the ALJ's decision. AR 38, 55.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 28, 2013 (citing 20 C.F.R. § 416.971 *et seq*.). AR 40.

**At step two**, the ALJ found Plaintiff had the following severe impairments: obesity, carpal tunnel syndrome status post bilateral release, lumbar degenerative disc disease, history of recurrent patellar dislocation of left knee, anxiety disorder (posttraumatic stress disorder, social phobia), mood disorder (depression versus dysthymia), polysubstance abuse in remission, and pain disorder (citing 20 C.F.R. § 416.920(c)). AR 40.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 42.

**At step four**, the ALJ found Plaintiff had the residual functional capacity to perform sedentary work, except: she can lift and carry 10 pounds occasionally and less than 10 pounds frequently; she can sit about 6 hours and stand or walk about 2

hours in an 8-hour day with regular breaks; pushing and pulling within the exertional limits; she can occasionally climb, stoop, crouch, and crawl; she can never kneel; she can balance without limitation; she can frequently handle and finger; she can understand, remember, and carry out simple routine tasks with occasional brief superficial contact with coworkers and supervisors; and she should have no interaction with the general public. AR 45.

The ALJ found that Plaintiff is unable to perform her past relevant work. AR 53.

**At step five**, the ALJ found, in light of her age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 54-55. These include final assembler, table worker, finisher, assembler, and leaf tier. AR 54-55.

## VI. Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) failing to include severe impairments at step two; (2) improperly discrediting Plaintiff's subjective complaint testimony; and (3) improperly assessing Plaintiff's residual functional capacity and by determining there are jobs Plaintiff can perform despite her limitations.

**VII.   Discussion**

**A.      The ALJ did not err at step two of the sequential evaluation process.**

Plaintiff contends that the ALJ erred by failing to properly consider her left knee impairment and somatoform disorder as severe impairments at step two of the five-step sequential evaluation process.

At step two in the five-step sequential evaluation for Social Security cases, the ALJ must determine whether a claimant has a medically severe impairment or combination of impairments. An impairment is found to be not severe "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988) (quoting SSR 85-28). Step two is generally "a de minimis screening device [used] to dispose of groundless claims." *Webb v. Barnhart*, 433 F. 683, 687 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.1996)).

Under step two, an impairment is not severe if it does not significantly limit a claimant's ability to perform basic work activities. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (citing 20 C.F.R. § 404.1521(a)(b)). A diagnosis from an "acceptable medical source," such as a licensed physician or certified psychologist, is necessary to establish a medically determinable impairment. 20

C.F.R. § 404.1513(d). Importantly however, a diagnosis itself does not equate to a finding of severity. *Edlund*, 253 F.3d at 1159-60 (plaintiff has the burden of proving this impairment or their symptoms affect her ability to perform basic work activities); *see also Mcleod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). An alleged impairment must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques and must be established by medical evidence not only by a plaintiff's statements regarding his symptoms. 20 C.F.R. §§ 404.1508, 416.908.

First, Plaintiff argues the ALJ should have found her to have a severe impairment of "left knee impairment, status post at least three surgeries since December 2012." ECF No. 13 at 11. However, the ALJ did thoroughly discuss the medical evidence pertaining to Plaintiff's left knee condition, detailed the surgeries she has had, and noted the positive and negative medical findings regarding Plaintiff's left knee. AR 40-42. Ultimately, as recognized by the Plaintiff, the ALJ determined Plaintiff suffered from the severe impairment of "history of recurrent patellar dislocation of left knee." AR 40. Plaintiff alleges that the ALJ's characterization of her left knee impairment is an error. However, Plaintiff fails to point to any diagnosis in the record of left knee impairment, status post at least three surgeries, or any other diagnosis that would undermine the ALJ's characterization of her disorder that the ALJ did in fact find to be severe.

1    Furthermore, because Plaintiff was found to have at least one severe

2    impairment, this case was not resolved at step two. Thus, any error in the ALJ's

3    finding at step two is harmless, if all impairments, severe and non-severe, were

4    considered in the determination Plaintiff's residual functional capacity. *See Lewis

5    v. Astrue*, 498 F.3d 909, 910 (9th Cir. 2007) (holding that a failure to consider an

6    impairment in step two is harmless error where the ALJ includes the limitations of

7    that impairment in the determination of the residual functional capacity). Here, the

8    ALJ found Plaintiff's left knee impairments to be severe and accounted for the

9    symptoms by limiting her to a limited form of sedentary work, including additional

10   limitations in kneeling, sitting, standing, climbing, stooping, crouching, and

11   crawling. AR 45. Additionally, the ALJ specifically noted that she considered *all

12   symptoms* in assessing the residual functional capacity. *Id*. (emphasis added).

13   Accordingly, the Court finds the ALJ did not err in the step two analysis, and if

14   any error did occur it was harmless.

15       Second, Plaintiff contends that the ALJ erred when considering her

16   somatoform disorder at step two. "Somatoform disorder" is "a group of disorders

17   in which physical symptoms suggesting physical disorders for which there are no

18   demonstrable organic findings or know physiologic mechanisms, and for which

19   there is positive evidence, or a strong presumption that the symptoms are linked to

20   psychological factors [such as]; hysteria, conversion disorder, hypochondriasis,

*pain disorder*, somatization disorder, body dysmorphic disorder, and Briquet

syndrome." Stedman's Medical Dictionary, http://www.medilexicon.com/

dictionary/26065 (emphasis added). Plaintiff alleges that her disorder manifests

itself through left knee pain that is not attributable to a physical origin. Plaintiff

contends that the ALJ erred by characterizing her impairment as "pain disorder"

and finding it a severe impairment at step two, rather than specifically characterize

the impairment as "somatoform disorder" or "somatoform pain disorder." ECF No.

13 at 17-18; AR 40. Plaintiff contends that this error is apparent by the fact that the

ALJ did not specifically mention Listing 12.07 for somatoform disorders at step

three. While, the ALJ did not specifically mention Listing 12.07, the ALJ did

specifically detail the "Paragraph B" criteria applicable to Listing 12.07 and

specifically found that this criteria was met, meaning the requirements of Listing

12.07 were not met, and Plaintiff does not allege that she would have met the

requirements of Listing 12.07.

     Furthermore, because Plaintiff was found to have at least one severe

impairment, this case was not resolved at step two. Thus, any error in the ALJ's

finding at step two is harmless, if all impairments, severe and non-severe, were

considered in the determination Plaintiff's residual functional capacity. *See Lewis

v. Astrue*, 498 F.3d 909, 910 (9th Cir. 2007) (holding that a failure to consider an

impairment in step two is harmless error where the ALJ includes the limitations of

that impairment in the determination of the residual functional capacity). While

Plaintiff argues that the ALJ's characterization of her disorder the ALJ found to be

severe at step two is an error, Plaintiff does not describe any additional limitations

that were not included by the ALJ in assessing her residual functional capacity.

Here, the ALJ found Plaintiff's pain disorder to be severe and accounted for the

symptoms by limiting her to a limited form of sedentary work, including additional

limitations in lifting, kneeling, sitting, standing, climbing, stooping, crouching, and

crawling. AR 45. Additionally, the ALJ specifically noted that she considered *all*

*symptoms* in assessing the residual functional capacity. *Id*. (emphasis added).

Accordingly, the Court finds the ALJ did not err in the step two analysis, and if

any error did occur it was harmless.

**B. The ALJ did not err in finding Plaintiff's subjective complaints not**
   **entirely credible.**

An ALJ engages in a two-step analysis to determine whether a claimant's

testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533

F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective

medical evidence of an underlying impairment or impairments that could

reasonably be expected to produce some degree of the symptoms alleged. *Id.*

Second, if the claimant meets this threshold, and there is no affirmative evidence

suggesting malingering, "the ALJ can reject the claimant's testimony about the

severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 46. The ALJ provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. AR 46-51.

Plaintiff briefly contends that the ALJ erred in assessing her subjective complaints by noting that Dr. Mee stated that her left knee pain is out of proportion to exam and MRI findings, suggesting possible exaggeration of her symptoms. ECF No. 13 at 19; AR 47. Plaintiff argues that this is not a proper reason to

discount her subjective complaints because it is her somatoform pain disorder that has caused her to "unintentionally exaggerate her physical problems in her mind beyond what the medical data could indicate." ECF No. 13 at 19. It is interesting that Plaintiff has described her own actions as an unintentional exaggeration when somatoform pain disorder is not an unintentional exaggeration, but actual pain for which there is positive evidence and a strong presumption the symptoms are linked to psychological factors that are not evident on physical exams. Stedman's Medical Dictionary, http://www.medilexicon.com/ dictionary/26065. Nevertheless, the ALJ also provided multiple other clear and convincing reasons for discounting Plaintiff's subjective complaints, as noted below, none of which are contested by the Plaintiff. AR 46-51.

First, the ALJ noted that the medical evidence does not support Plaintiff's allegations of totally disabling physical and mental limitations. *Id*. The ALJ specifically noted the multiple normal physical examination findings post-surgery including normal vascular pulse, normal muscle strength, normal stability, normal, gait, and normal alignment without swelling or atrophy. AR 46. As well as medical evidence that Plaintiff no longer needed surgery, her knee pain was adequately managed and she walked more, she had full or nearly full muscle strength, tone, and size, and she declined additional injections for her left knee pain. AR 47. The ALJ also noted normal mental examinations, even when Plaintiff was not

complaint with her medications. AR 48-49. Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

Second, the ALJ noted Plaintiff's unwillingness to cooperate with medical providers, her continued noncompliance with her medical treatment, and many of her symptoms were well controlled when she properly took her medications. AR 46-48. A claimant's statements may be less credible when treatment is inconsistent with the level of complaints or a claimant is not following treatment prescribed without good reason. An ALJ may also find a claimant's symptom testimony not credible based on evidence of effective responses to treatment. *See*, *e.g.*, *Burch*, 400 F.3d at 681; 20 C.F.R. §§ 404.1529(c)(3), 416.1529(c)(3); *Molina*, 674 F.3d at 1114. "Unexplained, or inadequately explained, failure to seek treatment . . . can cast doubt on the sincerity of [a] claimant's [] testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). If a claimant's condition is not severe enough to motivate them to follow the prescribed course of treatment this is "powerful evidence" regarding the extent to which they are limited by the impairment. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

Third, the ALJ found Plaintiff's allegations of disabling limitations are belied by her daily activities. AR 49-50. These include Plaintiff's ability to accomplish her personal care alone, homeschool her young daughter, care for her daughter, play with and do arts and crafts with her daughter, go on field trips with her daughter, prepare meals regularly for her family, do household chores, care for her pet, manage finances, go fishing, go shopping, ride in a taxi to counseling, and sing karaoke with her friends a few times a month. *Id*. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Lastly, the ALJ noted Plaintiff's poor work history, her reasons for stopping work other than for issues related to her disabilities, and her history of dishonesty and conviction for felony forgery. AR 50-51. If an individual has shown little propensity to work throughout her lifetime, an ALJ may find her testimony that she cannot work now less credible. *Thomas v. Barnhart*, 278 F.3d 948, 959 (9th Cir. 2002). The fact that Plaintiff stopped work for reasons other than her impairments is a sufficient basis to discredit testimony. *Bruton v. Massanari*, 268 F.3d 824, 828

(9th Cir. 2001). "An ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness." *Burch*, 400 F.3d at 680 (9th Cir. 2005); *See also Smolen*, 80 F.3d at 1284.

Each of these is a clear and convincing reason for discounting Plaintiff's subjective complaints, each is supported by the record, and Plaintiff does not contest any of these additional reasons provided by the ALJ for discounting her subjective complaints.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred when discounting Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

**C. The ALJ properly assessed Plaintiff's residual functional capacity and did not err at step five of the sequential evaluation process.**

Plaintiff argues that her assessed residual functional capacity and the resulting step five finding did not account for all of her limitations. Specifically,

she contends that the ALJ should have limited her to only non-speed work tasks and included additional sitting and standing limitations.

First, Plaintiff argues that that Dr. Mee, whose opinion was afforded significant weight, opined that Plaintiff was limited to *only* non-speed work tasks. However, Dr. Mee did not limit her only to non-speed work tasks; rather, Dr. Mee opined that Plaintiff could indeed perform non-speed work tasks, had only mild difficulty in maintaining concentration, persistence, or pace, and she was not significantly limited in her ability to perform activities within a schedule. AR 148, 153. The ALJ stated that Dr. Mee's opinion is more consisted with the evidence than Dr. Peterson's opinion that Plaintiff had moderate difficulties in maintaining concentration, persistence, or pace. AR 52. Plaintiff's interpretation of a small portion of Dr. Mee's opinion is at odds with Dr. Mee's complete opinion and with the decision of the ALJ. When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred by not limited Plaintiff's residual functional capacity to only non-speed work tasks.

Second, Plaintiff briefly contends the ALJ erred by not including additional sitting and standing limitations based on the opinion of Physician Assistant Earl Franklin that she would be unable to sit or walk for prolonged periods. ECF No. 13 at 15; AR 356-57. Plaintiff argues that the ALJ failed to give specific and legitimate reasons to reject Mr. Franklin's opinion. The opinion testimony of Mr. Franklin falls under the category of "other sources," and the ALJ must give only germane reasons for discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993). Mr. Franklin opined that Plaintiff was limited to sedentary work, which includes sitting, waling, and standing for brief periods. AR 357. Contradictorily, Mr. Franklin also opined that Plaintiff is unable to work, look for work, or prepare for work due to her "very limited ability to walk, prolong standing and sitting." AR 356.

The ALJ afforded some weight to some Mr. Franklin's opinion and specifically limited Plaintiff to a reduced range of sedentary work in the residual functional capacity because it is consistent with the objective findings. AR 51. However, the ALJ afforded no weight to the opinion that Plaintiff is unable to work, look for work, or prepare for work due to her "very limited ability to walk, prolong standing and sitting." AR 51, 356. Not only is this statement in direct contradiction with the remainder of the opinion and inconsistent with the objective medical evidence, it is very brief and conclusory, unsupported by explanation or

evidence in the record, and a limited ability to walk, stand, or sit does not completely prevent any individual from performing all work related activities. Inconsistency with medical evidence is a germane reason to discount statements from "other" sources. AR 51. A discrepancy between a doctor's recorded observations and opinions is a clear and convincing reason for not relying on the doctor's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Additionally, "an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Id.*

The ALJ properly included the sedentary work limitations opined to by Mr. Franklin and provided multiple germane reasons for not accepting the opinion that Plaintiff was completely unable to perform any work activities. When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Mr. Franklin's opinion, and did not err by not including additional sitting and standing limitations in the residual functional capacity and the hypothetical presented to the vocational expert.

Here, the residual functional capacity findings properly incorporated the limitations identified by medical and other sources. The ALJ's decision is supported by substantial evidence and the ALJ properly assessed Plaintiff's residual functional capacity. The ALJ properly framed the hypothetical question addressed to the vocational expert and, the vocational expert identified jobs in the national economy that exist in significant numbers that match the abilities of the Plaintiff, given her limitations. Thus, the Court finds the ALJ did not err in assessing Plaintiff's residual functional capacity or in the ultimate determination regarding disability.

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 17,** is **GRANTED.**

///

///

///

///

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 22

3. Judgment shall be entered in favor of Defendant and the file shall be

**CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this

Order, forward copies to counsel and **close the file**.

**DATED** this 27th day of August, 2018.

_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge